UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIRLEY V. REMMERT, et al.,

Plaintiffs,

v.

JUDGE KARESH, et al.,

Defendants.

Case No.  18-cv-02154-HSG

**ORDER OF DISMISSAL**

Plaintiff, an inmate at California Institution for Women, brings this *pro se* action pursuant to 42 U.S.C. § 1983.  On June 19, 2018, the Court dismissed this action without prejudice for failure to respond to the Court's order directing her either to perfect her *in forma pauperis* application or pay the filing fee, and for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  Dkt. Nos. 8, 9.  On August 29, 2018, the Court vacated the dismissal and judgment, and reopened this case because Plaintiff perfected her *in forma pauperis* application.  Dkt. No. 17.  The Court now screens Plaintiff's complaint (Dkt. No. 1) pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, this action is DISMISSED with prejudice.

## DISCUSSION

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Supreme Court has held that because 28 U.S.C. § 1915 gives courts the authority to pierce the veil of a complaint's factual allegations, a court is not bound to accept without question the truth of the plaintiff's allegations in that a court may dismiss a claim as factually frivolous when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Background**

In order to provide context for the Court's screening analysis, the Court recounts Plaintiff's history with this Court and the allegations made in this and prior actions.

Plaintiff alleges that she has suffered greatly due to a conspiracy that started in 1970 and continues to this day. She alleges that family members, government officials, state court judges, state agency officials, medical personnel, and violent gangs have conspired to deprive, or have deprived, Plaintiff, her mother Julia C. Venoya, and her daughter Eva Al-Zaghari of real estate and other assets. Plaintiff alleges that the co-conspirators orchestrated the following events in order to achieve their objective: caused Julia to suffer battery and in-home invasions, to be subjected to radioactive iodine treatment, to be kidnapped, to be falsely diagnosed with schizophrenia, and to contract cancer symptoms; the deaths of the family members who were in line to inherit from Patricia King, Julia's sister; a home invasion in 1990 targeting Eva and resulting in Eva being gang-raped and having her eggs extracted; Eva's marriage to Hisham Al-Zaghari; Hisham's efforts to destabilize Plaintiff's family at the direction of Israeli agents; Hisham causing Eva to develop diabetes; the theft of Eva's child by social workers; Eva and Julia's commitment to institutional care facilities; Plaintiff being convinced of misdemeanor counts related to her efforts to release Eva and Julia from institutional care; and restraining orders issued against Plaintiff that prevent her from contacting Eva. *See* Dkt. No. 1 at 5–22.

Plaintiff has filed numerous actions in the Northern District of California related to these alleged events. *See, e.g., Al-Zaghari, et al. v. Breese*, C No. 3:01-cv-01154-CRB; *Venoya v. Remmert*, C No. 4:06-cv-06709-CW; *Venoya v. Remmert, et al.*, C No. 4:07-mc-80117-CW; *People of the State of California v. Remmert*, C No. 4:07-mc-80155-CW; *Al-Zaghari, et al. v. Bresee*, C No. 3:01-cv-01154-CRB; *Remmert v. Pfeiffer*, C No. 3:07-cv-00824-CRB; *Remmert v. Pfeiffer*, 3:07-cv-00825-CRB; *Remmert v. Munks, et al.*, C No. 3:07-cv-03825-CRB; *Remmert v. Munks et al.*, C No. 3:07-cv-03826-CRB; *Remmert, et al. v. Sanchez, et al.*, 3:07-cv-03827-CRB; *Remmert v. Sanchez, et al.*, 3:07-cv-03828-CRB; *Remmert v. Lee, et al.*, No. 3:17-cv-03856-CRB. In 2001, Chief Judge Marilyn Hall Patel deemed Plaintiff a vexatious litigant and barred Plaintiff from filing any complaints, pleadings, or other papers without a prefiling order of the court regarding *inter alia* Eva's conservatorship, the restraining order barring Plaintiff from contacting Eva, custody of Eva's son (Plaintiff's minor grandson), or the state court proceedings related to these issues. *See Al-Zaghari, et al. v. Al-Zaghari, et al.*, Case No. C 01-2870 MHP, Dkt. No. 8

(Order, Aug. 15, 2001); *Remmert v. San Mateo Cty. Sup. Ct., et al.*, Case No. C 07-80085 WHA,

Dkt. No. 1 (Order, Apr. 4, 2007); *Remmert v. United States*, 670 Fed Appx. 584 (9th Cir. 2016)

(affirming district court order denying Plaintiff leave to file complaint pursuant to vexatious

litigant order).  In 2013, the United States Supreme Court found that Plaintiff had repeatedly

abused the Supreme Court's process, and directed future petitions filed by Plaintiff in noncriminal

matters not be accepted unless the filing was in the appropriate format and accompanied by the

requisite filing fee.  *Remmert v. San Mateo Cty. Public Guardian*, 134 S. Ct. 190 (2013).

**C.      Complaint**

Plaintiff brings this action on behalf of herself, her daughter Eva D. Al-Zaghari, whom

Remmert identifies as a nominal plaintiff, and the estate of Julia C. Venoya.  The complaint names

twenty-one defendants: San Mateo County Superior Court Judge Karesh; San Mateo County

Superior Court Judge George A. Miram; San Mateo County Superior Court Judge Donald Ayoob;

San Mateo County Superior Court Judge Elizabeth K. Lee; San Mateo County; Deputy District

Attorney Tara Heumann; Deputy County Counsel Peter Finick; Adult Protective Services Social

Worker Diane Wilson; Adult Protective Services Deputy Public Guardian – Supervisor Marcelle

Moon; Psychiatrist Rex Adamson; Custodial Contractor Lonny Davis; Linda Blackwell; Roland

Blackwell; Jocelyn Beale; Joanne Anderson; Delilah Blackwell; Lan Blackwell; Estate of Patricia

C. King; Roland Blackwell, as successor trustee of the P.C. King Trust of September 24, 1990;

Jocelyn Beale, as successor trustee of the P.C. King Trust of September 24, 1990; and State of

California Prisons Alternative Custody Program Director Ms. Valentine.  The complaint alleges

that, as part of the ongoing conspiracy against Plaintiff, Defendants have orchestrated various

actions in order to have Plaintiff falsely convicted for elder abuse with respect to Plaintiff's care

for her aunt, Patricia King.  Since filing the complaint, Plaintiff has filed motions seeking to add

as defendants the following individuals whom she alleges are also involved in the conspiracy:

Silverfarb, Daily News, ____ Zuckerberg, _____ Chan-Zuckerberg, Facebook Enterprise,

President Trump, FBI Chief Mueller, United Consular Officer Justice Sincavage, Israeli Prime

Minister Benjamin Netanyahu, State of California Medical Board Officers, State of California

Superior Court Judges, San Mateo County Correctional Center ("SMCC") Sheriff Deputy

United States District Court
Northern District of California

Vernooy, SMCC Officer Peterson, SMCC Watch Commander Kovacn, SMCC inmate Bonny Lady Lee, Central California Woman's Facility ("CCWF") RN Rodich, CCWF Psychiatrist Neumann, Psychiatrist Glass, California Institute for Women ("CIW") Correctional Officer Sanchez, CIW Medical Unit Officer Doe, and CIW inmates Aneeshia Wise, Sheila Cooper, and Delian Davis. Dkt. Nos. 18, 24, 25, 30.

In screening the complaint, the Court is mindful of Plaintiff's litigation history. The Court has carefully considered Plaintiff's allegations and finds that the allegations are legally untenable, frivolous, irrational, wholly incredible and based on fantastic and delusional scenarios.

### 1. Implausible Allegations

The premise of this complaint — and Plaintiff's prior legal actions — is that Plaintiff is the subject of a decades-long, far-ranging conspiracy between, *inter alia*, government officials, family members, and foreign politicians. Seemingly every negative event in Plaintiff's life is the result of this conspiracy, and Plaintiff casts ordinary events (a marriage, a visit by a social worker, a car accident, a gift of candy) as suspicious acts engineered to further the conspiracy. Prior courts have dismissed actions alleging injuries from this alleged conspiracy. *See, e.g., Al-Zaghari, et al. v. Al-Zaghari, et al.*, C No. 01-2870 MHP (Order, May 5, 2009). The allegations in the complaint are frivolous, irrational and implausible, and the Court DISMISSES the complaint on this basis. *See Neitzke*, 490 U.S. at 327–28 (section 1915(d) accords judges authority to dismiss claims describing fantastic or delusional scenarios). Like several prior courts, this Court will not entertain claims arising out of, or relating to, the alleged conspiracy.

### 2. Injuries to Third Parties

Plaintiff lacks standing to seek redress for many of the causes of action listed. Plaintiff brings this action on behalf of herself, Eva, and Julia's estate but there is no indication that either Eva or Julia's estate has joined in this suit. Also, many of the injuries alleged are injuries to Patricia and not to Plaintiff. For example, the complaint alleges that Defendants fed Patricia food that made her ill; allowed a handyman to commit battery upon Patricia; tried to sell Patricia's home; and interfered with Patricia's business interests in the Philippines. As a general matter, the prudential limitations of standing require *inter alia* that a plaintiff assert her own rights, rather

than rely on the rights or interests of third parties.  *See Estate of McKinney v. United States*, 71 F.3d 779, 782 (9th Cir. 1995); *see also Powers v. Ohio*, 499 U.S. 400, 410 (1991) (ordinarily plaintiff does not have standing to complain about deprivations of constitutional rights of others).

### 3.  State Court Judge Defendants

Plaintiff has named as defendants four state court judges — San Mateo County Superior Court Judge Karesh; San Mateo County Superior Court Judge George A. Miram; San Mateo County Superior Court Judge Donald Ayoob; and San Mateo County Superior Court Judge Elizabeth K. Lee — and alleges that these defendants have violated her rights under both state and federal law (first through twenty-third causes of action).  Plaintiff has implausibly characterized routine court rulings and proceedings as civil rights violations and/or as acts of persecution in furtherance of a wide-ranging conspiracy.  Further, even setting aside the implausibility of Plaintiff's allegations, all the actions identified are actions taken by the state court judge defendants in their judicial capacity, such as denying discovery; issuing an emergency protective order; issuing an arrest warrant; limiting the scope of the issues before the court; and cancelling a scheduled hearing and holding discussions in chambers.  Dkt. No. 1 at 23–33.  Judges are absolutely immune from civil liability for damages for acts performed in their judicial capacities. *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967) (judges immune from liability for damages for acts committed within their judicial discretion; immunity extends to suits under 42 U.S.C. § 1983).  Nor do Plaintiff's conclusory allegations that the state court judge defendants acted maliciously or that they abused their discretion render her claims cognizable.  *Bell Atlantic Corp.*, 550 U.S. at 555 (formulaic recitation of elements of cause of action insufficient to raise right to relief above speculative level); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (judge is not "deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal quotation marks and citation omitted); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity not overcome by allegations of bad faith or malice).

//

//

### 4. Claim against Deputy District Attorney Tara Heumann Regarding March 29, 2017 Meeting

Plaintiff alleges that DDA Heumann violated her civil rights when she lied about a March 29, 2017 in-chambers meeting. Dkt. No. 1 at 34. A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for her conduct in "pursuing a criminal prosecution" insofar as she acts within her role as an "advocate for the State" and her actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). As discussed *supra*, Plaintiff implausibly characterizes a routine court procedure (an in-chambers meeting) as a civil rights violation and an act of persecution in furtherance of a wide-ranging conspiracy. As alleged, DDA Heumann's actions with respect to the in-chambers meeting were "intimately associated with the judicial phase of the criminal process" and are entitled to absolute immunity. *Id.* at 424 (judgments made in "deciding which suits to bring and . . . conducting [these suits] in court" constitutes prosecutorial activity).

### 5. Claims Pursuant to Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO")

In her twenty-eighth through sixtieth causes of action and her sixty-sixth through seventy-second causes of action, Plaintiff alleges that defendants Linda Blackwell, Roland Blackwell, Delilah Blackwell, Jocelyn Beale, Joanne Anderson, all of whom are her maternal cousins, and defendant Lan Blackwell, Roland Blackwell's wife (collectively, the RICO Defendants) violated RICO when they conspired to rob Plaintiff of her family connection to her aunt, Patricia King, and conspired to have King die at the RICO Defendants' convenience so that they could sell King's house. Dkt. No. 1 at 37–60. Plaintiff's allegations do not state cognizable RICO claims. To state a civil RICO claim, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to the plaintiff's business or property. *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)). To demonstrate injury for RICO purposes, a plaintiff must show proof of concrete financial loss, and not mere injury to a valuable intangible property interest. Personal injuries are not compensable under RICO. *Id.* Civil rights violations and injury to reputation do not fall within the statutory definition of "racketeering

activity" and fail to state a RICO claim. *See Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997). At a minimum, Plaintiff has not alleged a plausible enterprise, and the injuries described are to the properties and businesses owned by third parties.

### 6. Vexatious Litigant Order

At least two of Plaintiff's causes of actions are barred by the vexatious litigant order. The twentieth cause of action solely challenges Al-Zaghari's conservatorship and treatment, and the twenty-fifth cause of action, although framed as a First Amendment claim, challenges Al-Zaghari's conservatorship.

### CONCLUSION

For the foregoing reasons, the Court DISMISSES this action with prejudice. All pending motions are DENIED as moot. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated:   3/14/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge